UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRENA BROOKS and                          CASE NO. 05-CV-71640
BRIDGET BROWN,                              HON. LAWRENCE P. ZATKOFF

       Plaintiffs,

vs.

COMCAST OF THE SOUTH, INC.,
and JAN THOMPSON,

       Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 9, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Protective Order (Docket #15), Plaintiffs' Motion for Leave to Set Aside Ten Deposition Limit (Docket #18), and Plaintiffs' Motion for Re-Mediation (Docket #18).  Defendants have filed a response to each Motion, and the time for Plaintiffs to reply has expired.  The Court finds that the facts and legal arguments pertinent to Plaintiffs' Motions are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Plaintiffs' Motions be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, Plaintiffs' Motions are DENIED.

## II.  BACKGROUND

Plaintiffs Andrena Brooks and Bridget Brown are employees of Defendant Comcast. Defendant Jan Thompson is a Director of Operations for Defendant Comcast. The Plaintiffs have filed the instant action alleging that the Defendants passed them over for promotions on the basis of their race (African-American) and sex (female).

## III. ANALYSIS

### A.    Motion for Protective Order

Plaintiffs ask that the Court prohibit Defendant Comcast from having more than one corporate representative present during any depositions in this matter. Plaintiffs rely on Fed. R. Civ. P. 26(c), which provides that a court may "make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense including . . . (5) that discovery be conducted with no one present except persons designated by the court[.]" Plaintiffs assert that Defendant Comcast had more than one corporate representative at the deposition of Plaintiff Brooks and that Defendant Comcast will not stipulate to having only one corporate representative at future depositions. Plaintiffs argue that because they are still employed by Defendant Comcast, the presence of numerous corporate representatives is merely for the purpose of annoying, embarrassing, and/or oppressing the Plaintiffs in this case.

Defendant Comcast asserts that, on the one occasion it had two corporate representatives at a deposition of Plaintiff Brooks, there were two corporate representatives present for a portion of the deposition because:

(1)    Plaintiffs had not responded to document requests from Defendant Comcast prior to the deposition;

(2)     the sole corporate representative initially present at the deposition (Monica Franklin, Human Resources Manager) had no knowledge of the subject matter of the testimony Plaintiff Brooks and therefore could not advise Comcast counsel with respect to what Plaintiff Brooks was saying; and

(3)     the second corporate representative (Ardella Darst, Regional HR Director), who was called during a break and arrived well into Plaintiff Brooks' deposition, was someone who had familiarity with, and could advise Comcast counsel regarding, Plaintiff Brooks' testimony.

Defendant Comcast believes that the claims that Ms. Darst's presence would be intimidating, annoying or embarrassing are baseless because both Plaintiffs testified that they had heard good things about Ms. Darst, including that she was reputable, that Ms. Darst had treated them with respect, and that they believed she had done everything within her power to help them. Finally, Defendant Comcast notes that there were two corporate representatives at only one deposition and that, because the Plaintiffs' depositions have been completed, the issue is now moot.

The Court finds that Plaintiffs' motion is not supported by its argument or the facts. Although it is possible that persons could be intimidated by the presence of more than one corporate representative, there is no allegation that any such intimidation occurred in this case. There is no allegation that Plaintiff Brooks felt intimidated, nor is there any affidavit in support thereof. In addition, as Defendant notes, and as the date of the filing of the Motion for Protective Order reflects, this Motion was not filed until 30 days after the deposition occurred and the deposition of Plaintiff Brown was also taken, without incident. Finally, Defendant implies that it will not have more than one corporate representative present at future depositions.

For the reasons stated, the Court DENIES Plaintiffs' Motion for Protective Order.

**B.      Motion for Leave to Set Aside Ten Deposition Limit**

Plaintiffs currently have noticed for depositions 15 persons and state that "as additional information becomes known through discovery, more depositions may be required in this matter." Fed. R. Civ. P. 30(a)(2)(A) provides that a party must obtain leave of court if they desire to conduct more than 10 depositions without the consent of the opposing party(ies).  In this case, Defendants do not consent.

Plaintiff asserts that there is a need for more than 10 depositions in this discrimination case "due to the complexities of the issues involved in this matter."  Plaintiffs assert that the case "involve[s] many issues and instances occurring over a period of years . . . [and] depositions of witnesses, employees and former employees of Defendant Comcast will be required as many were named by the parties as having information regarding Plaintiffs' claims against Defendants.  The information sought in these depositions is not unreasonably cumulative, as it is believed that the deponents have different and separate knowledge of events/issues in this matter."

Defendants argue that there is nothing about this case that is novel or complex.  They contend that it is a case about a number of employment decisions involving a limited number of decision-makers.  Finally, Defendants argue that the point of limiting the number of depositions is to protect parties against the expense and harassment of unnecessary, burdensome, vexatious and irrelevant discovery.

The Court finds that Plaintiffs have not met their burden of demonstrating a need for more than 10 depositions at this time.  As Defendants correctly note, Plaintiffs have made no showing of why more than 10 depositions are needed.  It is not a complex case.  Absent a demonstration of need (as opposed to conclusory statements), the Court will not find good cause to increase the number

4

of depositions permitted under the Federal Rules of Civil Procedure.

Accordingly, Plaintiffs' Motion for Leave to Set Aside Ten Deposition Limit is DENIED.

**C.     Motion for Re-Mediation**

At the scheduling conference held in this case on October 20, 2005, the Court asked the parties if they wanted to go to mediation. The Court also explained (as it does in every case) that this case would only be referred for mediation if all parties agreed and signed a stipulated request to that effect. After the parties submitted such a stipulated request, the case was referred to a mediation panel and was heard.

Plaintiffs now ask the Court to allow a re-mediation in this case because the first mediation took place too early in the discovery process. As is evidenced by Defendants response, however, the Defendants do not consent to such a re-mediation. Therefore, it is clear that there is not a stipulation by the parties to have this matter mediated again. The Court finds no reason to allow a re-mediation upon the desire of only one of the parties when an initial mediation would not be permitted under the same circumstances.

Accordingly, Plaintiffs' Motion for Re-Mediation is DENIED.

**III.  CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Protective Order, Plaintiffs' Motion for Leave to Set Aside Ten Deposition Limit, and Plaintiffs' Motion for Re-Mediation are DENIED.

IT IS SO ORDERED.


                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2006

                         CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of
record by electronic or U.S. mail on March 9, 2006.


                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290